IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

QASIM S. AZEEZUDDIN,

    Plaintiff,

v.                                                                              Civil Action No. **3:18CV886**

**WILLIAM C. SMITH,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Qasim S. Azeezuddin, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] In his Third Particularized Complaint ("Complaint," ECF No. 27), Azeezuddin contends that Defendants William C. Smith, the Superintendent of Western Tidewater Regional Jail ("WTRJ"), Ernest Bower, a Colonel at WTRJ, Alfred Lenyon and Tanya Blair, deputies at WTRJ, and Dr. Alex Taylor and Nurses Ann White and Doris Jacobs, medical staff at WTRJ, violated his Eighth Amendment rights[2] with regard to Azeezuddin's fall in the shower. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII.

## I. Procedural History

On December 27, 2018, Azeezuddin filed his original complaint. (ECF No. 1.) After reviewing the original complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court directed Azeezuddin to file a particularized complaint. The Court explained that, "Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))." (ECF No. 14, at 1–2.) Azeezuddin filed a Particularized Complaint. However, the Particularized Complaint contained deficiencies. By Memorandum Order entered on December 5, 2019, the Court directed Azeezuddin to file a second particularized complaint, explaining that:

> In his Particularized Complaint, Plaintiff indicates that he slipped and fell in the shower because there were no mats or handrails and he was confined to a wheelchair. (Part. Compl. 1–2.) Plaintiff then states that after his fall he is now required to walk with a cane. (*Id.* at 2.) These two allegations are inconsistent. Moreover, Plaintiff only states that Defendants were "made aware" that Plaintiff "needed to be placed in a handicap block" prior to his fall. (*Id.* at 4–5.) Plaintiff fails to provide specific allegations about why Defendants are liable under the Eighth Amendment simply because Plaintiff informed them that he wished to be placed in a handicapped block. Additionally, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted).

(ECF No. 19, at 2.) The Court then provided Azeezuddin with instructions on how to file a second particularized complaint. (*Id.* at 2–3.)

On January 8, 2020, Azeezuddin filed a Second Particularized Complaint. (ECF No. 23.) On the same date he also filed a Motion to Amend that sought to add defendants and claims not

included in his Second Particularized Complaint. (ECF No. 22.) Accordingly, the Court directed Azeezuddin to file a third particularized complaint, instructing that:

> The [Second] Particularized Complaint appears to comply with the Court's directives. However, Plaintiff also filed a Motion to Amend that accompanied the [Second] Particularized Complaint. (ECF No. 22.) The Motion to Amend seeks to add three new defendants that Plaintiff did not include as defendants in the Particularized Complaint.
> Litigants may not spackle new allegations or defendants onto a complaint. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169–70 (E.D. Va. 1981). Here, the Court ordered Plaintiff to file a particularized complaint. Therefore, Plaintiff had the opportunity to include the new claims against the three new defendants in the particularized complaint that he filed with the Court. Accordingly, the Motion to Amend (ECF No. 22) is DENIED WITHOUT PREJUDICE. If Plaintiff wishes to also bring claims against these three new defendants, he MUST INCLUDE these defendants and any claim against these defendants in his particularized complaint or they will not be considered as defendants by the Court.

(ECF No. 24, at 3.) On March 19, 2020, Azeezuddin filed his Third Particularized Complaint, which the Court now considers. (ECF No. 27.)

## II. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Summary of Allegations and Claims

Azeezuddin alleges the following in his Complaint:[3]

#### FACTS

1. I was transported to Norfolk Sentara hospital by Western Tidewater Regional Jail in June 2017.
2. I had surgery on my right ankle in June 2017.
3. I ha[ve] a disability from my right ankle replacement.
4. I was transported back to Western Tidewater Regional Jail in July 2017.
5. I was taken to the Jail medical once I returned.
6. I was placed in Block-A.
7. I notify medical staff as well [as] security staff I needed to be in a handicap block.
8. I was told by medical staff I had to use the shower in A-block.
9. I was told my security staff I had to use the shower in A-block only.
10. On August 27, 2017, on or about 6:15 p.m., I fell and injure[d] my left hip in the shower on A-block.
11. Unsafe shower for handicap.
12. There [were] no hand rails or slip mats in the shower in A-block.

. . . .

#### Civil Rights violated

13.[4] Unsafe conditions violated by right[s] and constituted cruel and unusual punishment under the Eighth constitutional Amendment of United States Constitution.

---

[3] The Court corrects the capitalization, punctuation, and spelling and omits the emphasis in quotations from the Complaint. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

[4] Azeezuddin labeled what should be numeral 13 as a second numeral 12. The Court corrects the numbering in this instance. Because the Court omits the paragraph Azeezuddin has incorrectly labeled as 13, the Court keeps with Plaintiff's numbering for the remainder of the quotation.

5

## Legal Claims

14. Defendant Bower is the Colonel of Western Tidewater Regional Jail.
15. Ernest Bower is legally responsible for the safety of all the inmates at that Jail.
16. He is required to know all the operational procedure for the safety and has the authority to move inmates with disability to handicap cell block.
17. Ernest Bower did not protect me from harm by not moving me to a safe handicap cell block. By not doing so, [he] violated Plaintiff Azeezuddin['s] right under the Eighth Amendment to the United States Constitution, and caused Plaintiff Azeezuddin pain [and] suffering, physical injury, and emotional distress.
18. Defendant Smith is the Superintendent of Western Tidewater Jail. He is legally responsible for the safety of all the inmates at that Jail.
19. Defendant Smith did not protect me from harm by not moving me to a safe handicap cell block. By not doing so, [he] violated Plaintiff Azeezuddin['s] right under the Eighth Amendment to the United States Constitution, and cause[d] Plaintiff Azeezuddin pain [and] suffering, physical injury, and emotional distress.
20. Defendant Alfred Lenyon is the Captain of Western Tidewater Regional Jail. He is legally responsible for the safety of all the inmates of that Jail. He is required to know all the operational procedure for the safety of all inmates and has the authority to move inmates with disability to handicap cell block. By not doing so, [he] violated Plaintiff Azeezuddin['s] right under the Eighth Amendment to the United States Constitution, and caused Plaintiff Azeezuddin pain [and] suffering, physical injury, and emotional distress.
21. Defendant Tanya Blair is the Captain of Western Tidewater Regional Jail. She is legally responsible for the safety of all the inmates of that Jail. She is required to know all the operational procedure for the safety of all inmates and has the authority to move inmates with disability to handicap cell block. By not doing so, [she] violated Plaintiff Azeezuddin['s] right under the Eighth Amendment to the United States Constitution, and caused Plaintiff Azeezuddin pain [and] suffering, physical injury, and emotional distress.
22. Doctor Taylor is legally responsible for the medical safety of all the inmates at Western Tidewater Regional Jail and has the authority to have inmates with disability moved to safe handicap cell block. By not doing so, [he] violated Plaintiff Azeezuddin['s] right under the Eighth Amendment to the United States Constitution, and caused Plaintiff Azeezuddin pain [and] suffering, physical injury, and emotional distress.
23. Nurse Ann White is the head of medical at Western Tidewater Regional Jail and has the authority to have inmates with disability moved to safe handicap cell block. By not doing so, [she] violated Plaintiff Azeezuddin['s] right under the Eighth Amendment to the United States Constitution, and caused Plaintiff Azeezuddin pain [and] suffering, physical injury, and emotional distress.

24. Nurse Doris Jacobs is the D.O.N. at Western Tidewater Regional Jail and has the authority to have inmates with disability moved to safe handicap cell block. By no[t] doing so, [she] violated Plaintiff Azeezuddin['s] right under the Eighth Amendment to the United States Constitution, and caused Plaintiff Azeezuddin pain [and] suffering, physical injury, and emotional distress.
25. Defendant Smith violate[d] my right under the Eighth Amendment by depriving me of [a] safe shower, by doing so, exposed me to serious harm, causing Plaintiff Azeezuddin pain, suffering, physical injury, and emotional distress.
26. Defendant Bower violate[d] my right under the Eighth Amendment by depriving me of a [a] safe shower, by doing so, exposed me to serious harm, causing Plaintiff Azeezuddin pain, suffering, physical injury, and emotional distress.
27. Defendant Lenyon violate[d] my right under the Eighth Amendment by depriving me of a [a] safe shower, by doing so, exposed me to serious harm, causing Plaintiff Azeezuddin pain, suffering, physical injury, and emotional distress.
28. Defendant Blair violate[d] my right under the Eighth Amendment by depriving me of a [a] safe shower, by doing so, exposed me to serious harm, causing Plaintiff Azeezuddin pain, suffering, physical injury, and emotional distress.
29. Defendant Taylor violate[d] my right under the Eighth Amendment by not having me moved to a handicap cell block, by doing so exposed me to serious harm, causing Plaintiff Azeezuddin pain, suffering, physical injury, and emotional distress.
30. Defendant White violate[d] my right under the Eighth Amendment by not having me moved to a handicap cell block, by doing so exposed me to serious harm, causing Plaintiff Azeezuddin pain, suffering, physical injury, and emotional distress.
31. Defendant Jacobs violate[d] my right under the Eighth Amendment by not having me moved to a handicap cell block, by doing so exposed me to serious harm, causing Plaintiff Azeezuddin pain, suffering, physical injury, and emotional distress.

(Compl. 1–9.) Azeezuddin seeks damages and declaratory relief. (*Id.* at 9–10.)

### III. Analysis

To allege an Eighth Amendment claim, an inmate must allege facts indicating: (1) that *objectively* the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that *subjectively* the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298

(1991)) (emphasis added). For the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To demonstrate such extreme deprivation, Azeezuddin "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Id.* at 634 (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of an Eighth Amendment claim requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). To satisfy the subjective prong, a plaintiff must show that prison officials acted with a sufficiently culpable mind:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.

*Farmer*, 511 U.S. at 837.

*Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts

8

sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Azeezuddin contends that Defendants violated his Eighth Amendment rights because they failed to move him to a handicap pod and, as a result, he was injured when he fell in the shower that was not equipped for handicapped persons. However, in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted).

Azeezuddin fails to allege any facts indicating that any of the Defendants were personally involved in the deprivation of his Eighth Amendment rights. Azeezuddin fails to plausibly suggest that he made any of the Defendants aware of a substantial risk of harm to his person by using a non-handicap shower, and that they ignored that risk. While Azeezuddin alleges that Defendants should have moved him, he fails to allege facts indicating that he asked each Defendant to move him and that they ignored his request.

The Court previously informed Azeezuddin that he must plead facts that plausibly suggest each Defendant's personal involvement in the Eighth Amendment violation. He fails to do so in the Complaint before the Court. Moreover, to the extent that he believes that Defendants should be held liable under a theory of *respondeat superior* simply based on their positions, he also fails to state a claim for relief.[5] *Iqbal*, 556 U.S. at 676.

The Eighth Amendment also protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981). However, "individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury." *Ball v. City of Bristol, Va., Jail*, No. 7:10CV00303, 2010 WL 2754320, at *1 (W.D. Va. July 12, 2010) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Courts have routinely held that slip and fall cases fail to state a claim of constitutional dimension under § 1983. *See Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (holding that failure to warn of slippery floor stated a claim of mere negligence and not a constitutional violation); *Reynolds v. Powell*, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (finding that slippery conditions arising from standing water in shower was not a condition that

---

[5] To the extent that Azeezuddin contends that Defendants are somehow liable on a theory of supervisory liability, that claim would fail. To show that a supervising officer failed to fulfill his or her duties to protect an inmate by ensuring his or her subordinates act within the law, the inmate must show that:

> (1) that the supervisor had actual or constructive knowledge that his [or her] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted) (citations omitted). Azeezuddin fails to satisfy any one of these three factors.

posed a substantial risk of serious harm, even where inmate was on crutches and warned employees that he faced a heightened risk of failing); *Beasley v. Anderson*, 67 F. App'x 242, 242 (5th Cir. 2003) (citations omitted) (holding slip and fall claim sounded in negligence and was insufficient to allege a constitutional claim). Thus, even if Azeezuddin had adequately alleged the personal involvement of each Defendant, he fails to state a claim of constitutional dimension. *See Ball*, 2010 WL 2754320, at *2 (explaining that the "mere fact that the leak in Ball's cell was not fixed in time to prevent the puddle in which Ball slipped indicates, if anything, that officers may have been negligent in not calling the plumber a few days earlier"). Accordingly, Azeezuddin fails to state an Eighth Amendment claim against Defendants and his claims will be DISMISSED WITHOUT PREJUDICE.

## IV. Conclusion

Azeezuddin's claims will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED. If Plaintiff wishes to correct the deficiencies outlined above, he may file a new complaint that will be filed as a new civil action by the Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/11/2020
Richmond, Virginia